**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

RECEIVED

2025 FEB 25  P 12: 1

U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

HUA CHEN,                                 )
                                          )
    Plaintiff,                       )
                                          )
vs.                                       )
                                          )
SAKURA BISTRO INC. and                    )    **CIVIL ACTION FILE #**
TING CHEN,                                )    3:25-cv-00159-RAH-SMD
                                          )
    Defendants.                      )
                                          )
                                          )
_____          )

Plaintiff Hua Chen (hereafter referred to as "Plaintiff"), hereby brings this complaint against Defendants Sakura Bistro Inc. (hereafter "Company") and Ting Chen (hereafter "Ting") (collectively as "Defendants") and alleges as follows:

## INTRODUCTION

1.

This action is brought by Plaintiff against Defendants for alleged violations of the Federal Labor Standards Act, ("FLSA") 29 U.S.C. § 201 et seq., arising from Defendants' various willful and unlawful employment policies, patterns and/or practices.

2.

Defendants have willfully and intentionally committed widespread violations of the FLSA by engaging in a pattern and practice of failing to pay its current and former employees, including Plaintiff, wages and overtime compensation for all hours worked over forty (40) each workweek.

3.

Defendant Ting Chen failed or refused to record all of the time that Plaintiff worked, including work done in excess of forty hours each week.

4.

Plaintiff alleges pursuant to the FLSA, that he is entitled to recover individually and severally from the Defendants: (1) unpaid wages, (2) unpaid overtime compensation, (3) liquidated damages, (4) prejudgment and post-judgment interest; and/or (5) attorneys' fees and costs.

**(a)    JURISDICTION AND VENUE**

5.

This Court has federal question jurisdiction over this controversy under 29 USC §206(a), 29 U.S.C. §216(b), 28 U.S.C. § 1331. This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

6.

Venue lies in the Middle District of Alabama pursuant to 28 U.S.C. §§ 1391(b) and (c), because Defendants conduct business in this judicial District, and the acts and omissions giving rise to the claims herein alleged took place in this judicial District.

**(b)    PARTIES**

7.

Plaintiff Hua Chen resides in Gwinnett County, Georgia.

8.

From around March 2023 to October 2024, Plaintiff was employed by the Company at 4034 US Highway 280, Alexander City, Alabama 35010 as a cook.

9.

At all times material hereto, Plaintiff was an "employee" of Defendant Company, as that term has been defined by the FLSA, 29 U.S.C. Sec. 203(3).

10.

Defendant Company is a domestic business corporation organized under the laws of the State of Alabama with a principal address at 4034 US Highway 280, Alexander City, Alabama 35010.

11.

Upon information and belief, Company is a business engaged in interstate commerce that has gross sales in excess of Five Hundred Thousand Dollars ($500,000) per year.

**(c)    INDIVIDUAL COVERAGE**

12.

At all times material hereto, Plaintiff used or handled the following, among other, instruments of interstate commerce: fresh produce, food products, cookware and commodities acquired from, and take-out food orders sold into, interstate market.

13.

At all times material hereto, Plaintiff was "engaged in commerce" as an individual employee of the Company within the meaning of FLSA 3(s)(1)(A) (B) and (C).

**(d)    ENTERPRISE COVERAGE**

14.

At all times material hereto, Company was an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A)(i) and (ii) and (s)(1)(B).

15.

Company is governed by and subject to the FLSA, 29 U.S.C. Sec. 204 and Sec. 207.

16.

Upon information and belief Company purchased and handled goods moved in interstate commerce, and had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." within the meaning of 29 U.S.C. § 203(s)(1)(A).

**(e)   Defendant Ting is an employer under the FLSA**

17.

Defendant Ting is an owner of the Company, and is governed by and subject to the FLSA, 29 U.S.C. Sec. 204 and Sec. 207.

18.

Upon information and belief, Defendant Ting determined the wages and compensation of the employees of Company, including Plaintiff, and established work schedules and workload of the employees, maintained employee records, and had the authority to hire and fire employees.

19.

By engaging in the activities mentioned in Paragraph 18, Defendant Ting is an employer under the FLSA, 29 U.S.C. §203d.

**(f)    Lack of FLSA Exemptions**

20.

At all times material hereto, Plaintiff was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

21.

At all times material hereto, Company did not employ Plaintiff in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

22.

At all times material hereto, Company did not employ Plaintiff in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

23.

At all times material hereto, Company did not employ Plaintiff in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

24.

At all times material hereto, Plaintiff did not have a culinary education, training or degree, and he did not supervise two or more employees with the ability to hire or fire them.

25.

At all times material hereto, Company did not employ Plaintiff in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

26.

Company has failed to meet the requirements for any of the exemptions from the application of the minimum wage requirements of the Fair Labor Standards Act under 29 U.S.C. § 206.

**(g)  Additional Factual Allegations**

27.

At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff his lawful overtime compensation of one- and one-half times (1.5x) his regular rate of pay for all hours worked over forty (40) in a given workweek.

28.

Defendant Company knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation during his employment.

29.

Defendant Ting knew or had reason to know that Plaintiff worked in excess of 40 hours in workweeks without overtime compensation during his employment.

30.

While employed by Defendants, Plaintiff was not exempt under federal and state laws requiring employers to pay employees overtime.

31.

Defendant Company failed to keep full and accurate records of Plaintiff's hours and wages.

32.

Defendant Ting failed to keep full and accurate records of Plaintiff's hours and wages.

33.

Throughout his employment with the Defendants, Plaintiff was employed by Defendants to cook at the Company at 4034 US Highway 280, Alexander City, Alabama 35010.

34.

From March 2023 to October 2024, Plaintiff worked six (6) days each week.

35.

Plaintiff worked from 11:00 am to 9:30 pm four workdays and 11:00 am to 10:30 pm two workdays without a break each day. As a result, Plaintiff worked about sixty-five (65) hours a week during this period.

36.

Plaintiff did not have any uninterrupted meal breaks or any other break time during his workdays.

37.

During Plaintiff's employment he was paid a fixed monthly salary of $5,000 per month regardless of the actual hours he worked. He was paid with checks.

38.

Plaintiff was not compensated for nearly two months, he was not pay for one-and-one-half of his calculated hourly wage for all hours he worked above forty (40) in each workweek.  Plaintiff worked 25 hours overtime each week for approximately 77 weeks for the Defendants.

**COUNT I. Violations of the Fair Labor Standards Act—Unpaid Wage**

39.

Plaintiff re-alleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

40.

The FLSA provides that every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 USC §206(a).

41.

The FLSA provides that any employer who violates the provisions of 29 U.S.C. §206 shall be liable to the employees affected in the amount of their unpaid wages, and in an additional equal amount as liquidated damages. 29 USC §216(b).

42.

Defendants' failure to pay Plaintiff his wages for nearly two months violated the FLSA.

43.

Defendant Company's violations of the FLSA were willful and in bad faith and without good faith defense.

44.

Defendant Ting's violations of the FLSA were willful and in bad faith and without good faith defense.

**COUNT II. Violations of the Fair Labor Standards Act—Overtime Wage**

45.

Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 as though fully set forth herein.

46.

The FLSA provides that no employer engaged in commerce shall employ a covered employee for a work week longer than forty (40) hours unless such

employee receives compensation for employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed, or one and one-half times the minimum wage, whichever is greater. 29 USC §207(a).

47.

The FLSA provides that any employer who violates the provisions of 29 U.S.C. §207 shall be liable to the employees affected in the amount of their unpaid overtime compensation, and in an additional equal amount as liquidated damages. 29 USC §216(b).

48.

Defendants' failure to pay Plaintiff his overtime pay violated the FLSA.

49.

At all relevant times, Defendants had a policy of practice of refusing to pay overtime compensation at the statutory rate of time and a half to Plaintiff for all hours worked in excess of forty (40) hours per workweek, which violated the FLSA, 29 U.S.C. §§201, et seq., including 29 U.S.C. §§207(a)(1) and 215(a).

50.

The FLSA and supporting regulations required employers to notify employees of employment law requires employers to notify employment law requirements. 29 C.F.R. §516.4.

51.

Defendant Company violated 29 C.F.R. §516.4 by failing to provide the required notice.

52.

Defendant Ting violated 29 C.F.R. §516.4 by failing to provide the required notice.

53.

Defendant Company's violations of the FLSA were willful and in bad faith and without good faith defense.

54.

Defendant Ting's violations of the FLSA were willful and in bad faith and without good faith defense.

WHEREFORE, Plaintiff requests that this Court enter a judgment providing the following relief:

1.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA.

2.    An award of unpaid wages for nearly two months due under FLSA plus liquidated damages;

3.    An award of overtime wages for approximately 77 weeks due under FLSA plus liquidated damages;

4.    An award of liquidated and/or punitive damages as a result of Defendants' knowing and willful failure to pay overtime compensation pursuant to 29 U.S.C. §216;

5.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees pursuant to 29 U.S.C. §216(b);

6.    The cost and disbursements of this action;

7.    Such other and further legal and equitable relief as this Court deems necessary, just, and proper.

8.    Grant Plaintiff a trial by jury as to all triable issues of fact.

Respectfully submitted this 21st day of February.

LIM LAW LLC
*/s/ Meng Lim*
By: Meng Lim, Ga Bar #800498
Attorney for Plaintiff


LIM LAW LLC
3483 Satellite Blvd
Suite 313
Duluth, GA 30096
(678) 404-7176
lim.law@icloud.com

**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| HUA CHEN,<br><br>    Plaintiff,<br><br>vs.<br><br>SAKURA BISTRO INC. and<br>TING CHEN,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION FILE #<br>)<br>)       3:25-cv-00159-RAH-SMD<br>)<br>)<br>)<br>) |

## VERIFICATION

Personally appeared before the undersigned officer, authorized by law to

administer oaths, comes HUA CHEN, who affirms and deposes that the facts

contained in the foregoing COMPLAINT are true and accurate.

This __21st__ day of __February__, 2025.

_____
Affiant:  HUA CHEN

Sworn to and subscribed before me
this __21st__ day of __February__, 2025.

_____
NOTARY PUBLIC                    (Seal)

MENG H LIM
NOTARY PUBLIC
HARALSON COUNTY
STATE OF GEORGIA
My Comm. Expires _____